## VAN WERT (city) v GAMBLE et

Ohio Appeals, 3rd Dist, Van Wert Co

No 147. Decided Oct 19, 1937

J. F. Beam, Van Wert, for plaintiff.

Conn & Stroup, Van Wert, for defendants.

### OPINION

By GUERNSEY, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Van Wert County, Ohio.

On March 14, 1932, the council of the City of Van Wert passed an ordinance establishing the office of Secretary of the Water Works Department of the Public Service Department of said city and fixing the compensation of said secretary at one hundred and twenty-five dollars per month payable in semi-annual installments on the first and fifteenth days of each and every month, and providing that said secretary should give bond in the sum of one thousand dollars. This ordinance was approved by the Mayor of said city on the date of its passage.

On May 2, 1932, the Mayor of said city appointed his son Doyt C. Gamble as such secretary, and on the same day, for the purpose of qualifying the said Doyt C. Gamble as such secretary under said appointment, the said Doyt C. Gamble as principal and Nora M. Tumbleson and Adam Gilliland as sureties executed and filed with said city their bond of said date in the principal sum of one thousand dol-

lars, which bond among other things recites that Doyt C. Gamble has been duly appointed and qualified as secretary Waterworks Department of said City of Van Wert in Van Wert County, State of Ohio, for the term of indefinite years from the 2nd day of May, 1932, and until his successor is elected or appointed and qualified, and is conditioned that if said Doyt C. Gamble shall faithfully perform the duties of the office of Secretary Waterworks Department of said City of Van Wert during his continuance in office for said term, then this obligation shall be void; and that otherwise it should be and remain in full force and effect.

One week later, May 9, 1932, said council passed another ordinance similar to the one above referred to, purporting to establish the same office and fixing the compensation of said secretary at twelve hundred dollars per year payable in semi-monthly installments on the first and fifteenth days of each and every month, and providing that said secretary should give bond in the sum of ten thousand dollars, and repealing the ordinance hereinbefore first mentioned. This ordinance was vetoed by the mayor on May 23, 1932, and passed by the council over the mayor's veto, on the 13th day of June, 1932.

On May 20, 1932, and prior to the veto of the ordinance last referred to by. the mayor and its passage over his veto by the council, Doyt C. Gamble as principal and Maryland Casualty Company as surety executed and delivered their bond to said city in the principal sum of ten thousand dollars, which bond recites that Doyt C. Gamble was on the 2nd day of May, 1932, duly appointed as Secretary of Waterworks Department in and for the City of Van Wert, State of Ohio, for the period of one year from the 2nd day of May, 1932, and that the bond may be renewed from year to year at the option of the company by the issuance of a continuation certificate, and is conditioned that if the said Doyt C. Gamble shall faithfully and diligently discharge his duties as such secretary of Water Works Department then said obligation shall be void and of no effect, otherwise to be and remain in full force and virtue in law. This bond was given for the purpose of conforming to the provisions of the ordinance passed May 9, 1932.

Neither of the ordinances fixed any term of office for the Secretary of the Water Works Department.

No premium was paid for the thousand dollar bond but the city paid the entire premium for one year for the ten thousand dollar bond.

Doyt C. Gamble continued in office from May 2, 1932, until December 31, 1933, when a new mayor took office and discharged said Doyt C. Gamble and appointed a Mr. Diss to said position.

During the month of April, 1934, the state examiners made an examination of the books and records of said city and filed a report with the Bureau of Inspection and Supervision of Public Offices of the State of Ohio, in which they reported shortages occurring during the occupancy of said office by said Gamble, as follows:

| Monthly collection. | Amount. |
| --- | --- |
| July, 1932 | 6.00 |
| October, 1932 | 74.18 |
| January, 1933 | 380.73 |
| April, 1933 | 449.29 |
| July, 1933 | 442.30 |
| October, 1933 | 501.16 |
| Total | 1853.66 |

It will be noted that all the claimed shortages occurred after the giving of the second bond in the amount of ten thousand dollars by Gamble, and that the shortages of July and October, 1933, occurred after the expiration of one year from the giving of said ten thousand dollar bond.

On June 11, 1935, the City of Van Wert, Ohio, which is the appellee herein, filed its petition in the Common Pleas Court of Van Wert County, and on August 27, 1936, supplemented its petition by an amended petition against Doyt C. Gamble as principal and Nora M. Tumbleson and Adam Gilliland as sureties on said thousand dollar bond, and Doyt C. Gamble as principal and Maryland Casualty Company, Baltimore, as surety on said ten thousand dollar bond, seeking a recovery from them jointly and severally for the amount of such claimed shortage, with interest at six per cent from the 31st day of December, 1932.

On September 1, 1936, Doyt C. Gamble, Nora M. Tumbleson and Adam Gilliland filed their separate answers to said amended petition, alleging among other things that said Tumbleson and Gilliland signed the thousand dollar bond for said Gamble but that due to the passing of the last mentioned ordinance by said city council and the giving by said Gamble of the ten thousand dollar bond as required by said ordinance, said bond so signed by said Tumbleson and Gilliland as sureties was thereby rejected and ceased to be of any

force and effect after May 21, 1932, which was the date said ten thousand dollar bond was accepted by said city. The City of Van Wert filed a reply forthwith which denied the averments of said separate answers.

The case proceeded to trial. A jury was waived and the matter was presented to the court.

The city offered evidence to prove the bonds were duly filed as provided by law; that Mr. Gamble's salary was paid to him by the city throughout his term of office; and both bonds were offered and admitted in evidence. The city then offered evidence showing the examiners report had been duly filed in accordance with the statutes and the witness using a copy of said report called attention to the parts pertaining to the Water Works finding. A number of water works receipts were offered and received in evidence. A number of checks purporting to show payments of water rentals were offered and received in evidence. A certificate of the then service director of the city showing the appointment of Doyt C. Gamble to the position in the Water Works office was offered and admitted under certain qualifications. The ledger of the Water Works Department was offered and admitted. The city then offered the entire report of the examiners in evidence, to which the defendants Gamble, Tumbleson and Gilliland objected and their objections were overruled by the court and the report admitted in evidence.

At the close of the plaintiff's evidence the defendants Gamble, Tumbleson and Gilliland moved for the dismissal of the action upon the grounds that there was an entire failure of evidence to show that the defendant Gamble was in any wise responsible for this money; that there is no showing that there was any defalcation on his part; there isn't a scintilla of evidence showing he is responsible for anything. This motion was overruled by the court.

The defendants Gamble, Tumbleson and Gilliland then offered evidence of the passage of both of said ordinances and copies of said ordinances were made exhibits and admitted in evidence. They then rested. The plaintiff then rested, and the motions were renewed and overruled by the court.

The court then found that there is due and payable to the plaintiff from the defendant Doyt C. Gamble, the sum of $1853.66 with interest at six per cent per annum from December 31, 1935, and that the liability of the Maryland Casualty Company on its ten thousand dollar bond

is limited to the amount of $910.20 with interest, which the court found due the plaintiff for shortages occurring during the months of July and October of 1932, and January and April, 1933, during which time the defendants Nora M. Tumbleson and Adam Gilliland were also liable on their thousand dollar bond covering this same period of time, and as between these bondsmen the defendants Nora M. Tumbleson and Adam Gilliland should bear one-eleventh of the liability found due from the defendant Maryland Casualty Company to the plaintiff and that the defendants Nora M. Tumbleson and Adam Gilliland are also liable to the plaintiff on their thousand dollar bond for the sum of $943.46 with interest, which the court found due to the plaintiff for shortages of the defendant Doyt C. Gamble occurring during the months of July and October, 1933, but in all not to exceed one thousand dollars exclusive of interest.

It was further ordered and adjudged by the court that the plaintiff recover from the defendant Doyt C. Gamble, the sum of $1853.66 together with interest thereon at the rate of six per cent per annum from December 31, 1933; and the plaintiff recover from the defendant the Maryland Casualty Company as surety for the defendant Doyt C. Gamble, the sum of $910.20 together with interest thereon at the rate of six per cent per annum from the 31st day of December, 1933; and that the plaintiff recover from the defendants Nora M. Tumbleson and Adam Gilliland, jointly and severally, as sureties for the defendant Doyt C. Gamble, the sum of one thousand dollars together with interest thereon at the rate of six per cent per annum from the 31st day of December, 1933.

Motion for new trial was filed by the defendants Gamble, Tumbleson and Gilliland, and overruled and judgment entered as above set forth, and the defendants Gamble, Tumbleson and Gilliland perfected their appeal on questions of law from this judgment. Neither plaintiff City of Van Wert nor the defendant Maryland Casualty Company perfected an appeal or cross-appeal from the judgment.

The appellants Gamble, Tumbleson and Gilliland make a number of assignments of error but in so far as the appellants Tumbleson and Gilliland are concerned a consideration of the assignment of error that the finding and judgment of the court are contrary to law disposes of the entire case as to them, and this will be the first assignment considered.

It is their contention under this assignment of error, that as the ordinance of May 2nd, 1932, under which the bond for a thousand dollars was given by them as sureties, was repealed by the ordinance passed by the council May 9th and afterwards vetoed by the mayor and thereafter passed by the council over the mayor's veto, and as the bond of ten thousand dollars was subsequently given by Gamble as principal and Maryland Casualty Company as surety and accepted by the city under the terms of this ordinance, the bond for one thousand dollars which was signed by them was supplanted and discharged thereby and as no shortage occurred during the period from May 2nd, 1932, to the time the ten thousand dollar bond became effective, they are not liable on the thousand dollar bond on which they are sureties.

The ordinance of May 9th, 1932, above mentioned, prescribed that a ten thousand dollar bond be given by the Secretary of the Water Works Department. It did not prescribe that such bond should be in addition to the one thousand dollar bond prescribed by the ordinance of May 2nd, 1932, and when the ten thousand dollar bond was given and accepted such bond in and of itself, without reference to the one thousand dollar bond, conformed to and complied with the ordinance of May 9th, 1932. The giving of the ten thousand dollar bond was a condition precedent to Gamble continuing to occupy the office after the ordinance of May 9th became effective. His tenure of office, therefore, after the ordinance of May 9th became effective, was by virtue of the ten thousand dollar bond, not the thousand dollar bond. The ten thousand dollar bond was therefore substituted for and supplanted the thousand dollar bond upon its acceptance by the city, and the thousand dollar bond being supplanted and superceded by the ten thousand dollar bond was discharged and rendered ineffective thereafter.

As none of the shortages for which recovery is sought occurred during the period of the effectiveness of the thousand dollar bond, Tumbleson and Gilliland, sureties on such bond, are not liable for any of such shortages and the judgment as to them is for this reason contrary to law and will be reversed and this court rendering the judgment the trial court should have rendered will enter final judgment in favor of such defendants-appellants at the costs of the appellee.

In so far as Gamble is concerned the above mentioned assignment of error as well as all other assignments of error are based on the contention that the report of the examiner was erroneously admitted in evidence. This report was admitted in conformity with the provisions of the General Code, and its admission was not erroneous. And with this evidence in the record the judgment as against Doyt C. Gamble is neither contrary to law by reason of not being supported by any evidence nor against the weight of the evidence, and the judgment as to him will be affirmed at his costs.

CROW and KLINGER, JJ, concur.